IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. PRATT,<br><br>    Plaintiff,<br><br>  v.<br><br>CHENEGA INTEGRATED SYSTEMS,<br><br>    Defendant.<br>_____/ | No. C 07-01573 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Now before the Court is the motion to dismiss filed by defendant Chenega Integrated Systems, LLC ("Chenega"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing on the motion and the case management conference set for August 17, 2007 are HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court GRANTS Chenega's motion.

**BACKGROUND**

Beginning in October 2005, plaintiff Michael Pratt ("Pratt") worked for Chenega as a security officer at the Sierra Army Depot in Herlong, California, where defendant provided security services. Fifty-one percent of Chenega is owned by Chenega Corporation ("Chenega Corp."). (Supplemental Declaration of Nathan W. Austin in Support of Motion to Dismiss ("Suppl. Austin Decl."), Ex. 4 at 4.) Chenega Corp. is a Native Village Corporation, incorporated in Alaska pursuant to the Alaska Native Claims Settlement Act, 43 U.S.C.A. § 1601 *et seq.* (*Id.*, Ex. 3 at 4.)

Citing insubordination and failure to report the intoxication of a superior, Chenega terminated Pratt's employment on May 11, 2006. (Compl. at 6.) Pratt subsequently filed two Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 8, 10.) The EEOC dismissed the complaints, issuing Pratt a right-to-sue letter on December 27, 2006. (*Id.* at 11.) The EEOC additionally referred the complaint to the California Department of Fair Employment and Housing, which also declined to pursue the matter and issued state right-to-sue letters on June 6 and June 23, 2006. (*Id.* at 7, 9.)

Pratt subsequently filed suit in federal court, claiming Chenega discriminated against him on the basis of sex under Title VII of the Civil Rights Act of 1964 ("Title VII"), in that he was subjected to sexual harassment and a hostile work environment. (*Id.* at 2.) He further alleges his employer retaliated against him for filing complaints with his superiors and with the corporate office. (*Id.* at 10.) The alleged retaliation consisted of suspending Pratt and assigning him undesirable work hours, despite his seniority. (*Id.* at 2.)

In response to the complaint, Chenega filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, for change of venue under 28 U.S.C. § 1404(a).

## ANALYSIS

### A.  Legal Standards Applicable to a Motion to Dismiss.

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

2

1  Where the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence
2  that would be properly before the Court, and the non-moving party is not entitled to any
3  presumptions of truthfulness with respect to the allegations in the complaint. Rather, the non-
4  moving party must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d
5  at 733. If an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the
6  factual allegations of the complaint are taken as true and the non-moving party is entitled to
7  have those facts construed in the light most favorable to him or her. *Federation of African*
8  *Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

**B.     Chenega's Motion to Dismiss.**

Plaintiff asserts causes of action under Title VII, a federal anti-discrimination statute. Defendant contends that it is exempt from Title VII lawsuits, and that therefore this Court lacks federal subject matter jurisdiction.

**1.     Chenega is exempt from the definition of "employer" under Title VII.**

Title VII states in relevant part that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). Although Title VII applies to most businesses of "fifteen or more employees," it exempts certain groups, including Indian tribes, from its definition of the term "employer." 42 U.S.C.A. § 2000e(b). In addition to excluding specific Indian tribes from Title VII liability, the Ninth Circuit has held that Congress also intended to exempt certain tribal-owned organizations. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1988) (noting that "the purpose of the tribal exemption . . . was to promote the ability of Indian tribes to control their own enterprises.").

The Alaska Native Claim Settlement Act ("ANCSA") addresses the tribal claims of Alaska Natives. 43 U.S.C.A. §§ 1601-1629a (2000). Section 1602(j) states that a "Village Corporation" is an "Alaska Native Village Corporation organized under the laws of the state of Alaska as a business for profit or nonprofit corporation to hold, invest, manage, and/or distribute lands, property, funds, and other rights and assets for and on behalf of a Native village." Chenega's majority owner, Chenega Corp., is incorporated as a Native Village

3

Corporation. (Supplemental Declaration of Nathan W. Austin in Support of Motion ("Suppl. Austin Decl."), Ex. 3 at 4.).

Section 1626 of ANCSA, entitled "Relation to other programs" places the act in the context of other federal legislation. 43 U.S.C.A. § 1626. Section 1626(g) states in relevant part:

> For the purposes of implementation of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000a *et seq.*], a Native Corporation and corporations, partnerships, joint ventures, trusts, or affiliates in which the Native Corporation owns not less that 25 per centum of the equity shall be within the class of entities excluded from the definition of 'employer' by [Title VII, 42 U.S.C.A. § 2000e(b)(1)] or successor statutes.

43 U.S.C.A. § 1626(g).

Here, Chenega provided documentation that demonstrates it is at least 25% owned by a Native Corporation, Chenega Corp, and Pratt does not contest this status. (Suppl. Austin Decl., Ex. 4 at 4.) Because Chenega is owned by an Alaska Native Corporation ("ANC"), and ANCs are exempt from Title VII's definition of "employer," Chenega cannot be sued under Title VII.

The case law further bears out this interpretation. The Ninth Circuit has not addressed ANCs in the context of Title VII, but the Fourth Circuit did so recently in *Aleman v. Chugach Support Services, Inc.*, 485 F.3d 206 (4th Cir. 2007). There, plaintiffs appealed the trial court ruling that ANCs were exempt from both Title VII and 42 U.S.C. § 1981, another anti-discrimination statute. *Id.* at 210. The *Aleman* court held that ANCs are exempt from Title VII liability, stating "the single-sentence exclusion [in Section 1626(g)] makes this clear twice." *Id*.

The Court is satisfied, from the clearly-worded statute, the existing case law, and the documents provided by defendant, that Chenega is owned by an ANC and is therefore exempt from Title VII liability. Thus, the Court lacks subject matter jurisdiction over this action and GRANTS defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

**2.     Chenega cannot waive its exemption from the definition of "employer."**

As a final matter, Pratt argues that even if Chenega is exempt from Title VII, Chenega waived this exemption because its employee handbook contains an "Equal Employment Opportunity Statement" pledging its commitment to equality in the workplace and adherence to "applicable" employment anti-discrimination laws. (Opp., Ex. 1.)

4

The Court finds that Chenega did not waive its exemption. In *Duke v. Absentee Shawnee Tribe*, 199 F.3d 1123, 1125 (10th Cir. 1999), plaintiff employee argued that defendant had "made a sovereign choice to subject [itself] to all state and federal laws." The court held that it was "reluctant to impute such an intent" without an "express declaration." *Id.* at 1126. Furthermore, even if the tribe had intended to do so, "this intent could not unilaterally create subject matter jurisdiction." *Id.* Finally, the court noted that "parties cannot confer subject matter jurisdiction by consent, estoppel, or waiver." *Id.* (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Additionally, Chenega cites *Hall v. Baptist Memorial Health Care Corp.*, 215 F.3d 618, 625 (6th Cir. 2000), for the general proposition that one who is statutorily exempt from the definition of "employer" under Title VII cannot waive that exemption. There, plaintiff argued that defendant religious organization had waived its Title VII exemption when it claimed to be an equal opportunity employer. *Id.* However, the court held "statutory exemptions from religious discrimination claims under Title VII cannot be waived" because these exemptions "reflect a decision by Congress that religious organizations have a constitutional right to be free from government intervention. . . . Once Congress stated that '[t]his title shall not apply'. . . neither party could expand the statute's scope." *Id.* The court also cited with approval *Ward v. Hengle*, 124 Ohio App. 3d 396, 400 (1997), holding a church did not waive Title VII exemption when it pledged in an employee handbook not to discriminate based on religion. *Id.*

Here, Chenega is not a religious organization, but as an ANC it is a member of another group Congress has specially recognized with Title VII immunity. Congress clearly intended to exempt Chenega and other ANCs from the definition of "employer" under Title VII. 43 U.S.C.A. § 1626(g). As *Duke* and *Hall* demonstrate, a party thus designated cannot waive a statutory exemption or create subject matter jurisdiction.

///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Chenega's motion to dismiss.[1]  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 27, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court grants Chenega's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court need not address Chenega's alternative motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) or motion to change venue pursuant to 28 U.S.C. § 1404(a).

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. PRATT,

    Plaintiff,

v.

CHENEGA INTEGRATED SYSTEMS et al,

    Defendant.

Case Number: CV07-01573 JSW

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Anthony Pratt
716-250 Sagebrush Blvd.
Susanville, CA 96130

Nathan Wade Austin
Jackson Lewis
801 K Street
Suite 2300
Sacramento, CA 95814

Dated: July 27, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk